IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 19-61286 |
| | ) | |
| ROBERT JOSEPH NORMAN | ) | CHAPTER 7 |
| | ) | |
| | ) | JUDGE RUSS KENDIG |
| DEBTOR | ) | |

**MOTION FOR AN ORDER REQUIRING PATRICIA HEATH, SCOTT SWEARINGEN AND ALAN AND LORETTA COOGAN TO APPEAR AND SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THE AUTOMATIC STAY AND FOR AN AWARD OF SANCTIONS**

Now comes the Debtor and moves the Court for an order requiring Respondents, Patricia Heath ("Heath"), Scott Swearingen ("Swearingen") and Alan and Loretta Coogan (the "Coogans") to appear and show cause why they should not be held in contempt of this Court for violation of the Automatic Stay pursuant to 11 U.S.C. § 362, for an order requiring Respondents to pay Debtor's attorney fees with regard to this matter, and for an order requiring Respondents to pay actual damages for its violations of the Automatic Stay.

In support of this Motion, Debtor states as follows:

**MEMORANDUM IN SUPPORT**

1. The Court has jurisdiction over this matter under 28 U.S.C. Sections 157 and 1334. This is a core proceeding under 28 U.S.C. Section 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. Section 1408 and 1409.

2. Debtor filed for bankruptcy relief under Chapter 7 on June 14, 2019.

3. The Coogans are listed as unsecured creditors of Debtor on Schedule E/F regarding a personal loan in the amount of $18,000.00. See ECF Doc. 1, Page 35 of 80.

4. Heath is listed as an unsecured creditor of Debtor on Schedule E/F regarding services in the amount of $5,845.00. See ECF Doc. 1, Page 39 of 80.

5. Swearingen is listed as an unsecured creditor of Debtor on Schedule E/F regarding services in the amount of $10,000.00. See ECF Doc. 1, Page 43 of 80.

6. Notice of the Debtor's bankruptcy filing was sent to the Coogans via first class mail, by the Bankruptcy Noticing Center on June 20, 2019. (See Exhibit "A" attached hereto).

7. Notice of the Debtor's bankruptcy filing was sent to Heath via first class mail, by the Bankruptcy Noticing Center on June 20, 2019. (See Exhibit "A" attached hereto).

8. Notice of the Debtor's bankruptcy filing was sent to Swearingen via first class mail, by the Bankruptcy Noticing Center on June 20, 2019. (See Exhibit "A" attached hereto).

9. Debtor identified Templar Companies, LLC dba Professional Funeral Services ("Templar") as a business he owns on Schedule A/B of the Petition. See ECF Doc. 1, Page 14 of 80.

10. Despite receiving notice of the filing, and without first taking any action regarding the automatic stay in the Bankruptcy Court, the Coogans and Heath caused a damages hearing to be held in the Portage County Court of Common Pleas in regard to claims they have made against Templar in violation of the automatic stay. (See Exhibit "B" attached hereto).

11. Despite receiving notice of the filing, and without first taking any action regarding the automatic stay in the Bankruptcy Court, Swearingen filed a complaint in the Summit County Court of Common Pleas in regard to claims against Templar in violation of the automatic stay. (See Exhibit "C" attached hereto).

12. After receiving notice of the Debtor's bankruptcy filing, Swearingen and Heath took inappropriate action in attempting to coerce the Debtor into satisfying debts they claim are owed to them, including sending letters to Templar customers stating, among other things,

that the Debtor was not paying his employees, is "defrauding" them, and is illegally operating in Ohio. (See Exhibits "D", "E" and "F" attached hereto).

13. After receiving notice of the Debtor's bankruptcy filing, Swearingen and Heath have attempted to invade the goodwill of Templar and to seize and convert Templar customers for their competing business by contacting Templar's customer base – contact information acquired by Swearingen and Heath during their employment with Templar – and sending communications to such Templar customers accusing Debtor/Templar of fraud and failure to pay employees and requesting such Templar customers to allow them to *continue to provide* services in the future. (See Exhibit "G" attached hereto).

14. Section 362(a)(3) enforces the automatic stay by prohibiting "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Property of the estate is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). The legislative history of section 541(a) makes clear that this definition is expansive and includes "all kinds of property, including tangible or intangible property . . . and all other forms of property specified in section 70(a) of the Bankruptcy Act." *In re Forman Enters.*, 281 B.R. 600, 611 (Bankr. W.D. Pa. 2002) (citing *U.S. v. Whiting Pools Inc.*, 462 U.S. 198, 205, 103 S. Ct. 2309, 76 L. Ed. 2d 515, n.9 (1983)). Goodwill is an intangible asset consisting of the various qualities of a business that provide value above its value as a mere collection of assets. See Black'S Law Dictionary 715 (8th ed. 1999) (defining "goodwill" as "[a] business's reputation, patronage, and other intangible assets that are considered when appraising the business, especially for purchase; the ability to earn income in excess of the income that would be expected from the business viewed as a mere collection of assets.").

15. Swearingen and Heath's flagrant attempts to usurp the Debtor's customer information and goodwill violates of the automatic stay. This conduct is obviously designed to interfere with and reduce the value of the customer lists and goodwill that belonged to the Debtor's business because the actions are intended to diverted customer relationships away from the Debtor's business and to Swearingen and Heath and/or an entity that they own/control. Compare *Cyganowski v. Biolitec U.S., Inc. (In re Biolitec, Inc.)*, Bankr.D.N.J. Nos. 13-11157 (DHS), 13-01883 (DHS), 2015 Bankr. LEXIS 228, at *37 (Jan. 22, 2015).

16. The Coogans' and Heath's actions in causing a damages hearing to be held in the Portage County Court of Common Pleas against Templar after receiving notice of Debtor's bankruptcy petition a violation of the injunction imposed by 11 U.S.C. §362 (a)(1), which states:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

17. Likewise, 11 U.S.C. § 362(a)(6) operates as a stay against "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. . ." The Coogans and Heath's actions of pursuing a damages hearing in the Portage County Court of Common Pleas after receiving notice of the stay and Swearingen and Heath's actions in sending letters to Templar customers designed to humiliate and coerce the Debtor into payment of a debt violate 11 U.S.C. § 362(a)(6).

18. A violation of the automatic stay is willful when: a) the creditor had knowledge of the stay; and b) despite that knowledge, violated the stay through an intentional act. *TranSouth Fin. Corp. v. Sharon (In re Sharon)*, 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999).

19. The Coogans, Swearingen and Heath had knowledge of the stay prior to committing the aforementioned acts that violated the automatic stay. Their actions, by their very nature, are shown to have been intentional and not accidental.

17. These actions of the Coogans, Swearingen and Heath have caused Debtor to suffer emotional distress and incur damages, including but not limited to attorney's fees and expenses. The Coogans and Heath's patent refusal to recognize the automatic stay imposed under Title 11 has left the Debtor no option but to proceed with the present motion.

**WHEREFORE**, Debtor moves this Court for an Order 1) requiring the Coogans, Swearingen and Heath to immediately cease collection activities against Debtor, 2) requiring the Coogans, Swearingen and Heath to appear and show cause why they should not be held in contempt for its ongoing violation of the automatic stay, 3) awarding sanctions against the Coogans, Swearingen and Heath in an amount determined by this Court as just and proper; and 4) such other and further relief as the Court deems appropriate.

Respectfully submitted,

RODERICK LINTON BELFANCE, LLP

/s/ KATHRYN A. BELFANCE
KATHRYN A. BELFANCE (0018035)
50 S. Main Street, 10th Floor
Akron, Ohio 44308
Phone (330) 434-3000
Fax (330) 434-9220
kb@rlbllp.com
*Attorney for Defendant Robert J. Norman*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer of Defendant has been sent via regular U.S. Mail this 7th day of January, 2020 via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Office of the U.S. Trustee, served electronically
David M. Neuman, at dneumann@meyersroman.com, jray@meyersroman.com
mnowak@meyersroman.com
Ann Piero Silagy, Chapter 7 Trustee, asilagycourt@neo.rr.com


And by Regular U.S. Mail, postage prepaid, to the following:

Loretta Coogan
526 Valleyview Street
Kent, OH 44240

Alan Coogan
526 Valleyview Street
Kent, OH 44240

Patricia Heath
7750 Windy Hill Drive
Kent, OH 44240

Scott Swearingen
1938 11 SW
Akron, OH 44314

Robert Joseph Norman
13270 Doylestown Road
Rittman, OH 44270

/s/ KATHRYN A. BELFANCE
KATHRYN A. BELFANCE (0018035)
*Attorney for Defendant, Robert J. Norman*