The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 03:16 PM February 18, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ROBERT JOSEPH NORMAN, | ) | CASE NO. 19-61286 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

In a motion filed on January 7, 2020, Debtor seeks contempt sanctions against creditors Patricia Heath ("Heath"), Scott Swearingen ("Swearingen") and Alan and Loretta Coogan ("Coogans") (collectively "Creditors") for violating the automatic stay. Creditors deny any violation. The court held a non-evidentiary hearing on February 3, 2020.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(O). The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtor owns Templar Companies, LLC dba Professional Funeral Services ("Templar"). When he filed bankruptcy on July 14, 2019, he identified his interest in the business in his schedules and in the Statement of Financial Affairs.

Heath, Swearingen and Coogans are listed as unsecured creditors on Schedule F. Heath and Swearingen are owed $5,845.00 and $10,000.00 respectively for "services performed." Coogans are owed $18,000.00 for a personal loan to Templar. Creditors were served with the Notice of Chapter 7 Bankruptcy Case on June 20, 2019 by first class mail.

When he filed his bankruptcy case, a lawsuit was pending against him in the Portage County Court of Common Pleas. Coogans and Heath are plaintiffs. Debtor and Templar are defendants.[1] On October 9, 2019, the court conducted a damages hearing. The court awarded the plaintiffs "damages against Defendant Templar Companies, LLC." Although it appears Debtor participated in the hearing, no damages were assessed against him individually, only against Templar.

On October 4, 2019, Swearingen filed a civil complaint against Templar in the Summit County Court of Common Pleas. Although the only defendant listed in the complaint is Templar, at least one allegation directly involves Debtor. The third claim states "[b]etween June 1, 2019 and June 15, 2019, Defendant utilized Plaintiff Scott Swearingen's services, while knowingly starting the process of filing personal bankruptcy. Defendant defrauded plaintiff out of wages while still using plaintiff's services."

Heath and Swearingen, doing business as S & H Funeral Services LLC, drafted a letter announcing the opening of their business. It references fraud and unpaid wages. With regard to Debtor specifically, the letter disclaims that either Heath or Swearingen have a non-compete agreement or employment contract with either Debtor or Templar.

## DISCUSSION

**I.      11 U.S.C. § 362(k)(1)**

When a debtor files a bankruptcy petition, section 362 of the bankruptcy code prevents creditors from taking a variety of actions against the debtor and property of the estate. 11 U.S.C. § 362(a). Prohibited actions include "commencement or continuation" of legal proceedings against the debtor or to recover claims against the debtor under § 362(a)(1); acts to obtain or exercise control over property of the estate under § 362(a)(3); and acts to "collect, assess, or recover" prepetition claims under § 362(a)(6). Pursuant to § 362(k)(1), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." To be entitled to damages, the injured party must prove, by a preponderance of the

---

[1] There may be other plaintiffs and/or defendants but these are known from the copy of the order provided.

evidence, "(1) the actions taken were in violation of the automatic stay; (2) the violation was willful; and (3) the violation caused actual damages." Collett v. Lee Oil Co. (In re Collett), 2014 WL 2111309, *4 (B.A.P. 6th Cir. 2014) (citation omitted).

### A. The postpetition damages hearing in state court did not violate the stay.

Debtor contends that the damages hearing conducted by the state court after he filed bankruptcy violated the stay. The court is unconvinced.

Generally, the stay does not apply to entities other than the debtor. Wilson v. D&N Masonry, Inc., 2013 WL 12131221 (S.D. Ohio 2013) (unreported) (citing Patton v. Bearden, 8 F.3d 343, 349 (6th Cir. 1993); Parry v. Mohawk Motors of Mich., Inc., 263 F.3d 299, 314-15 (6th Cir. 2001)). In expounding on this general principle, the Sixth Circuit found nothing in legislative history indicating the protection is intended for anyone but debtor and noted that where Congress wanted to extend the stay to non-debtors, such as chapter 13 co-debtors, it explicitly did so. See 11 U.S.C. § 1301; Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194 (6th Cir. 1983).

The general rule is not irreproachable. The Sixth Circuit suggested in Patton that "unusual circumstances," such "as when the debtor and the non-bankrupt party are closely related for the stay contributes to the debtor's reorganization," may provide a basis for application to non-debtor entities. Patton, 8 F.3d at 349 (citations omitted). For the stay to extend beyond debtor, Sixth Circuit case law suggests that a bankruptcy court must affirmatively act to issue an injunction. In re Johnson, 548 B.R. 770, 788 (Bankr. S.D. Ohio 2016) (citing Patton, 8 F.3d at 349) (other citations omitted)). This was not done in the present case. The court therefore finds that the stay applied only to Debtor, not Templar.

Upon review of the decision issued by the state court, it appears very carefully tailored to Templar specifically. Debtor failed to convince the court that Creditors continued the action against him individually. Since the stay did not apply to Templar, and relief was direct only at Templar, the court cannot find a violation of the stay occurred.

### B. Creditors actions against Templar are not actions involving estate property that violate the automatic stay.

Debtor argues that Templar's property is property of the state and any act to obtain Templar's property violates the stay. The court disagrees.

Debtor's *interest* in Templar is property of the bankruptcy estate; Templar's property is not:

> Pursuant to Ohio law, a person owning an equity interest in an LLC is a member of that LLC. Ohio Rev.Code Ann. § 1705.01 (G). That membership interest confers upon the member a right

3

> to a "share of the profits and losses of [the] limited liability company and the right to receive distributions from that company." Ohio Rev.Code Ann. § 1705.01(H). A person's membership interest in an LLC is personal property. Ohio Rev.Code Ann. § 1705.17. "A 'membership interest' in a limited liability company, however, does not confer upon the 'member' any specific interest in company property, whether personal property or real property. Such property is, instead, held and owed [sic] solely by the company." In re Liber, No. 08–37046, 2012 WL 1835164, *4, 2012 Bankr. LEXIS 2244, *10 (Bankr.N.D.Ohio May 18, 2012). Ohio Revised Code § 1705.34 provides that "[r]eal and personal property owned or purchased by a limited liability company shall be held and owned in the name of the company. Conveyance of that property shall be made in the name of the company."

In re Breece, 2013 WL 197399, *3 (B.A.P. 6th Cir. 2013) (unpublished); In re Saunier, No. 11-60997, 2012 WL 5898601 (Bankr. N.D. Ohio 2012) (unpublished). Templar is a separate legal entity with ownership of its separate property. Creditors' actions against property owned by Templar do not violate the stay.

### C. Swearingen's postpetition lawsuit was filed against Templar and did not violate the automatic stay.

Although Swearingen's complaint is not as well-drafted as the state court's damages decision, the prayer for relief is against Templar and Templar only. Debtor is not listed as a defendant. Debtor failed to identify action against him that violates the stay.

### D. Debtor did not prove Swearingen's or Heath's actions violated the stay.

Debtor argues that after he filed bankruptcy, Heath and Swearingen took actions to coerce him into paying the amounts owed them, made allegations that damaged his business reputation, and attempted to take customers from him. Debtor did not meet his burden of proof.

First, the exhibits proffered by Debtor lack evidentiary value. Exhibit D is undated and unsigned. Although Debtor suggests it was written by Swearingen or Heath, there is absolutely no proof, other than naked allegations in his motion, of the veracity of this claim. The court cannot determine when it was drafted, the identity of the author, or whether it was transmitted to anyone.

Exhibit E suffers from the same problems. A partial copy of an envelope is also part of Exhibit E, showing a return address, that has no meaning to the court whatsoever. Curiosity drove the court to compare the address to those of Creditors and Debtor and concluded it does

not match any of them.

Exhibit F is a letter dated June 18, 2019 from Swearingen to Templar/Robert Norman. Its authenticity is not proven. Although it is dated postpetition, June 18, 2019, there is nothing in the record to demonstrate that Swearingen sent the letter or that he was aware of the bankruptcy filing if he did. The court's notice of the bankruptcy was not mailed until June 20, 2019, after the date of the letter. Further, the letter mainly seeks action against Templar, not Debtor individually.

Exhibit G fares no better. Although signed by Heath, it is not dated. It is generically addressed to "Directors." There is nothing in the record to verify to whom the letter was sent, or when. This letter is insufficient to demonstrate a violation of the stay.

## CONCLUSION

Debtor failed to meet his burden of proof that Creditors violated the automatic stay. The state court issued damages against Templar, not Debtor. Templar was not protected by the stay. Its separate property is not property of the bankruptcy estate. Debtor's interest in Templar is property of the bankruptcy estate but Debtor failed to demonstrate any act that implicates his property interest. He did not establish a willful stay violation and therefore is not entitled to recover damages.

This motion leaves no doubt of acrimony among the parties, leaving the court with an admonishment. While Creditors, specifically Heath and Swearingen, may not have violated the stay, the court reminds them that playing with matches can start a fire. The court is no happier with Debtor for bringing this motion with such a grievous lack of legal or evidentiary support.

A separate order will be issued immediately.

#   #   #


**Service List:**

Kathryn A. Belfance
50 S. Main Street
Tenth Floor
Akron, OH 44308

Scott Swearingen
1938 11th St., S.W.
Akron, OH 44314
5

David M. Neumann
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Blvd., Suite 500
Cleveland, OH 44122